[No. 19676.    Department One.    March 31, 1926.]

JOHN WEBBER *et al., Respondents,* v. PARK AUTO TRANSPORTATION COMPANY *et al., Appellants.*[1]

[1] APPEAL (414) — REVIEW — VERDICT — CONCLUSIVENESS. A verdict based upon substantial evidence, will not be set aside on appeal because of conflicting testimony.

[2] APPEAL (377) — REVIEW — OBJECTIONS NOT MADE BELOW. Error cannot be assigned on permitting examination of the jurors on their *voir dire,* prejudicing appellants' case, where the record does not disclose objections below or such gross impropriety as to require the court to interfere on its own initiative.

[3] EVIDENCE (50) — COMPETENCY — MATTERS EXPLANATORY OF EVIDENCE OR INFERENCES. Where a "yes" or "no" answer to a question might lead the jury to make an erroneous inference, it is error to refuse to allow the witness to explain why he did or did not do as he testified to doing.

[4] HIGHWAYS (59) — COLLISION BETWEEN AUTOMOBILES — INSTRUCTIONS AS TO CARE REQUIRED. Where plaintiffs turned off the high-

[1]Reported in 244 Pac. 718.

way to the left in front of an oncoming stage approaching well within the speed limit, and in a manner indicating reckless driving, it is error to refuse defendants' request for instructions to the effect that it was the duty of plaintiffs not to drive their car across the path of the stage so near as to make a collision probable or unavoidable, irrespective of who had the right of way.

[5] HIGHWAYS. (59) — INSTRUCTIONS — RIGHT OF WAY — TURNING ON INTERSECTING ROADS. In such a case, it is error, requiring a reversal, to instruct that the plaintiff had the right of way, which defendant must accord or be liable, if plaintiff's car had proceeded beyond the center of the road intersection and was turned at approximately right angles, before the stage reached the intersection; since it is not a proper statement of the law; Rem. Comp. Stat., § 6340, giving the right of way to automobiles on the right when approaching street intersections having no application to cars going in opposite directions.

Appeal from a judgment of the superior court for King county, Hall, J., entered July 6, 1925, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages resulting from a collision of motor vehicles. Reversed.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Clem J. Whittemore, J. Speed Smith,* and *Henry Elliott, Jr.,* for respondents.

FULLERTON, J.—This is an action sounding in damages, brought by the respondents Webber, against the appellants, Park Auto Transportation Company and U. S. Inter-Insurance Association, for injuries to their persons and to their property. The action was tried by the lower court, sitting with a jury, and resulted in a verdict and judgment in favor of the respondents.

The appellant, Park Auto Transportation Company, owns and operates an automobile stage line between the city of Everett and the city of Seattle, operating its stages over a public road commonly known as the Pacific highway. The general course of the highway

named is north and south.   At a place on the highway
known as Lake Forest Park, a public road leaves the
highway, extending in a westerly direction.   On De-
cember 25, 1923, a stage of the appellant was driven
southerly on the Pacific highway and reached the road
leading westerly at about 9:30 o'clock in the evening.
The respondents, driving their own automobile north-
erly on the highway, reached the same place shortly
before the stage reached it and turned westerly in front
of the approaching stage, intending to enter the road.
At the speed the stage was approaching, they did not
have sufficient time to get into the clear, and a collision,
with the consequent injuries which give rise to the
present action, was the result.

[1]   The appellants first contend that the evidence
is insufficient to sustain the verdict the jury returned,
and to the argument of the contention a large part of
their brief is devoted.   But we think we need not fol-
low the argument at length.   As we read the record,
there was testimony on the part of the respondents, to
which the jury were entitled to give credence, tending
to show that the respondents reached the intersecting
road sufficiently in advance of the stage to have turned
into the road and leave a clear passage way for the
stage, had the driver of the stage been driving it at the
time within the speed limit permitted by the statute.
It is true that the statutory speed limit was at that
place thirty miles per hour, and true that there was
evidence tending to show that the rules of the trans-
portation company required its stages to be driven
at this place at a speed not in excess of twenty-five
miles per hour, and evidence that the stage was driven
within the speed limit fixed by the company.   It is true
also that the record discloses circumstances which tend
somewhat strongly to show that the respondents were

guilty of contributory negligence. But the evidence was at best conflicting, making the question one for the jury to determine. This court cannot say that the verdict of the jury was without substantial evidence in its support, and it is only when it so appears that the appellate court is permitted to set aside the verdict and direct a judgment for the other side.

[2] Of the errors assigned which are thought to require a new trial, the first appears in the examination of the prospective jurors on their *voir dire.* It is claimed that the respondents were allowed to inquire into matters touching the qualifications of the several jurors to sit on the trial of the cause, not pertinent to such an inquiry, but which had a tendency to prejudice the jurors against the appellants. But, while the contentions in this regard would merit discussion, we do not find that they are before us. The record, as it is presented here, does not disclose that objection was made in the court below to the examinations. They were not of such gross impropriety as to require the trial court to interfere on its own initiative, and, without invoking its ruling, the appellants cannot complain in this court.

[3] On the examination of the driver of the stage as a witness for the appellants, the record discloses the following:

"Q. As Mr. Webber approached you, did you see him put out his hand? A. Hold out his hand to indicate he was going to turn? Q. Yes. A. No, sir; I could not see back of his headlights; nobody can.

"Mr. Smith: I ask that all his answer be stricken, except that he could not see it, or did not see it, rather.

"The Court: The last two statements may be stricken and the jury will disregard them.

"Mr. Falknor: I except to that being stricken, because that is testimony that is competent and material.

"Mr. Smith: I submit it is argumentative.

"The Court: It is argumentative. The witness is confined to what he saw or heard.

"Mr. Falknor: All right, you may cross-examine.

"Mr. Smith: No questions."

The appellants complain, we think justly, of the ruling of the court. A witness is ordinarily permitted to explain his answers, where the question calls for an answer either "yes" or "no," and in this instance explanation was peculiarly pertinent. There are conditions under which a driver of an automobile on a highway can see the signals given by a driver of an approaching automobile, but there are others in which he cannot. Without some explanation, the jury might infer that the witness' failure to see the signal was due to inattention or neglect, rather than to inability to see. To meet this condition it was proper to show that a signal could not be seen under the existing conditions. If it be said that the question put to the witness did not call for an explanatory answer, and that the witness' statement went beyond the purport of the question and was thus voluntary, the answer is that the objection was not based on this ground, nor was it the ground upon which the court struck the answer. The court ruled that the matter of the answer was inadmissible. Doubtless, had it ruled that the answer was beyond the purport of the question, counsel would have interrogated the witness further, but the ground of the objection and ruling foreclosed further inquiry. The remark of the judge in passing on the objection was unfortunate in another respect. He said the witness was "confined to what he saw or heard," whereas the rule is that he may testify that he did not see, or did not hear.

[4] The appellants requested that the court give to the jury the following instruction:

"I instruct you that it was necessary for the plaintiffs to drive their automobile in a careful and prudent manner, and if they saw, or by the exercise of ordinary care should have seen, the approach of the defendants' stage, then it was their duty not to drive their automomile across the path of such stage so near the same as to make a collision probable or unavoidable, and this is true irrespective of who had the right of way, and, if they failed to so drive their automobile, they cannot recover."

The court refused to give the instruction, we think erroneously. The instruction was pertinent to the appellants' theory of the accident. Its evidence tended to show that, at the time the respondents turned to enter the intersecting highway, the stage was close upon them, traveling well within the speed limit, and, notwithstanding the driver of the stage endeavored to avoid striking the respondents' automobile, by checking the speed of the stage and by turning to his left so as to pass behind them, he was unable so to do. In fine, this part of the evidence tended to show that the respondents' conduct was heedless and reckless, and, manifestly, possession of the right of way on the part of the driver of an automobile never excuses heedless or reckless conduct.

[5] The court gave to the jury the following instruction:.

"If you find from the evidence that plaintiffs' automobile had proceeded beyond the center of said road intersection and was in the act of turning approximately at right angles before the driver of said automobile stage had reached said intersection, then I instruct you that the plaintiffs' automobile had the right of way, and it was the duty of said driver of said automobile stage to accord plaintiff said right of way; and if you further find that the driver of said automobile stage failed so to do, and that such failure was the

proximate cause of the collision, then your verdict should be for the plaintiffs."

This is not a correct statement of the rule applicable in all instances. When two automobiles are approaching each other on a highway, the one may not lawfully turn directly into the path of the other, even though the place of the turning be an intersecting highway which the turning automobile reached first. Before this right may be lawfully exercised, the other automobile must be sufficiently far away to enable the turning automobile to pass in the clear, or it must be made after a visible signal is given of the intention to so turn in time to enable the other automobile, in the exercise of reasonable care, to avoid a collision. The instruction as given does not recognize these conditions. It states the proposition as one of absolute right, whereas the conditions are an integral part of the rule.

It is true this court has held in instances of collisions on intersecting city streets that the automobile entering the intersection first has the right of way over the other, and that it was the duty of such other to recognize the right, but these were instances where the automobiles approached the intersection at right angles to each other. It has not held that, in instances where the automobiles were approaching the intersection from opposite directions, the one first reaching the intersection could with impunity turn into the path of the other, regardless of proximity and regardless of the question whether such turning will or will not cause a collision.

But it may be that the trial court had in mind the statute prescribing the "rules of the road," when it gave the instruction. If so, we think it misinterpreted the statute. The statute (Rem. Comp. Stat., § 6340) provides that: "Drivers, when approaching highway

intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point.'' But when automobiles approach each other from opposite directions, neither is on the right of the other. That condition can arise only when one of them changes its course. It may be that when the course of the automobile of the respondents was changed from a northerly to a westerly direction the condition arose, but, if so, the change placed the stage on the right, not the respondents, and, if the statute then became applicable, it was the duty of the respondents to yield the right of way, not the duty of the driver of the stage.

The other errors assigned require no special consideration. In so far as they might merit discussion, they are peculiar to the individual trial and will not recur in another.

The judgment is reversed and a new trial awarded.

TOLMAN, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.