[No. 20274.   Department One.   February 11, 1927.]

JOHN WEBBER *et al., Respondents,* v. PARK AUTO TRANSPORTATION COMPANY *et al., Appellants.*[1]

[1] APPEAL (475)—SUBSEQUENT APPEALS—QUESTIONS CONCLUDED. A decision on a former appeal sustaining the sufficiency of the evidence becomes the law of the case and is conclusive on a subsequent appeal presenting the same questions on substantially the same evidence.

Appeal from a judgment of the superior court for King county, Truax, J., entered June 26, 1926, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages resulting from a collision of motor vehicles. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Clem J. Whittemore, J. Speed Smith* and *Henry Elliott, Jr.,* for respondents.

FRENCH, J.—This action was brought by respondents, Webber, against the Park Auto Transportation

[1]Reported in 253 Pac. 464.

Company, and the U. S. Inter-Insurance Association, to recover for injuries sustained by reason of an automobile accident. The case was tried to the court and a jury and resulted in a verdict in favor of respondents. This is the third jury trial of this same case, and it was in this court once before, and a full report of all the facts in the case will be found in *Webber v. Park Auto Transportation Co.,* 138 Wash. 325, 244 Pac. 718.

The only questions raised by appellant on this appeal are that there is no evidence to support the charge of negligence; and that the evidence shows conclusively that the respondents were guilty of contributory negligence.

[1] The former appeal presented the same questions raised by appellants here, under testimony given by the same witnesses, and whose testimony is in substance the same in every respect as on the former trial. A careful and painstaking examination of the record in both cases shows that there is no substantial difference. Practically the same cases are cited by counsel for appellants in support of the contentions raised on this appeal as were cited in the former appeal.

We think the appellants are now precluded by the former opinion from raising again the same questions on substantially the same testimony. In *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, will be found the latest expression by this court covering this matter. Our cases are there reviewed and in that case we said:

"In many cases we have held that questions determined on a previous appeal, or which, being involved, might have been determined had they been presented, will not be considered on a second appeal of the same action, particularly where the pleadings and testimony are substantially the same in each trial, . . ."

The questions raised on this appeal have heretofore, and in the former appeal, been determined adversely

to the plaintiffs' contentions. For that reason the judgment is affirmed.

ASKREN, MAIN, and MITCHELL, JJ., concur.

FULLERTON, J., concurs in the result.