DECKER *v.* WOFFORD.

PLYMOUTH OIL COMPANY *v.* SAME.

1. Automobiles—Overtaking Cars—Left Turns—Signals—Assured Clear Distance—Emergency.

    Plaintiffs, owner and operator of car overtaking southbound defendant's truck as latter made an unsignalled left turn to enter driveway on east side of 2-lane, 2-way, paved, undivided highway, were entitled to have instruction given to jury that statutory assured clear distance rule did not apply, where evidence was presented that plaintiff-driver was faced with an emergency or was beside the truck when it started to turn left (CLS 1956, § 257.627, as amended by PA 1957, No 190).

2. Trial—Instructions—Theory of Case—Evidence.

    A jury should be instructed as to the theories of the case of each party, where there is testimony in support thereof.

Appeal from Oakland; Adams (Clark J.), J. Submitted June 7, 1960. (Docket Nos. 1, 2, Calendar Nos. 48,246, 48,247.) Decided September 15, 1960.

Separate actions of case by Royal E. Decker and Plymouth Oil Company, a Michigan corporation, against Ralph L. Wofford for personal injuries and property damage arising from collision of motor vehicles. Cases consolidated for trial. Verdicts and

References for Points in Headnotes

[1] 5A Am Jur, Automobiles and Highway Traffic §§ 292, 391.
[2] 53 Am Jur, Trial § 582.

judgments for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*Frank A. Clancy,* of counsel), for plaintiffs.

*Howlett, Hartman & Beier,* for defendant.

KAVANAGH, J. Plaintiff Decker, the injured driver, and plaintiff Plymouth Oil Company, the owner of the car, brought separate actions of trespass on the case in the Oakland county circuit court against defendant Ralph L. Wofford, owner and operator of a dump truck. The cases were consolidated for trial. A jury returned verdicts of no cause of action in both cases. Upon entry of the respective judgments, plaintiffs filed motions for new trial in both cases alleging, *inter alia,* the trial court had erred in charging the jury. On denial of the motions for new trial, plaintiffs appeal.

The accident occurred on November 4, 1957, between 9 and 9:30 a.m. on Lahser road just south of Eleven Mile road in Oakland county. Plaintiff Decker was attempting to overtake and pass the defendant, and defendant was attempting to make a left-hand turn off Lahser road into a private driveway. At the point of accident, Lahser is a 2-lane, 2-way, paved, undivided highway running north and south with no posted speed limit. Defendant was driving south on Lahser road, intending to turn left into the A. K. Miller Company driveway, which is located on the east side of Lahser road approximately 270 feet south of Eleven Mile road. Plaintiff Decker was headed south on Lahser, and at some point between Eleven Mile road and the Miller driveway plaintiff began to pull out to pass the truck. It is disputed whether the truck had already started to make its turn or was still proceeding southerly

along Lahser at the time plaintiff Decker attempted to pass the truck. At the point of collision the truck was at an angle with the left front wheel between 2–1/2 to 3–1/2 feet east of the center line of Lahser road.

The facts regarding the conduct of the drivers of the vehicles were sharply disputed. There was conflicting testimony presented as to the speed of both vehicles prior to and at the time of the collision. Defendant testified that he had made an observation to his rear somewhere just north of Eleven Mile road, and that there were 2 cars behind at that time, both dark-colored. He made an observation to the rear when he was approximately 50 feet from the driveway where he intended to turn, and testified that at that point he saw only 1 car behind him and that was a black car. Plaintiff Decker was driving a white and yellow Chrysler. Witness Dooley, the driver of the car following plaintiff's vehicle, was driving a light blue car. Plaintiff Decker testified he did not know the exact speed at which he was traveling because he was not watching the speedometer. He further testified he saw defendant's dump truck when it was in the vicinity of the intersection of Eleven Mile road, and that he pulled out to pass the defendant somewhere between Eleven Mile road and the driveway. Witness Dooley testified he followed plaintiff Decker for about a mile prior to the accident and that both he and plaintiff were driving at 50 miles per hour; that just south of Eleven Mile road plaintiff Decker pulled out to pass the dump truck in a normal manner, and that the truck turned directly in front of him. Dooley further testified the front of plaintiff Decker's automobile was just about up to the door of the cab of the dump truck when the truck began the left turn. Both plaintiff Decker and witness Dooley testified they did not see any stop light signal given by the dump truck at any time.

Defendant testified he put on his directional signals for a left turn somewhere between Eleven Mile road and the driveway, that he could see the front directional signal mounted on his front fender and that it was working. Plaintiff Decker testified he sounded his horn before passing. Witness Merry and defendant testified they did not hear any horn. Witness Merry testified he was an employee of the Miller Company and had just parked his pickup truck in the driveway and was going to the Miller office. He testified he saw defendant's dump truck when it was ready to make a left turn into the driveway; that he first saw plaintiff Decker's car when it "was just about on top of the truck" and it was 15 or 20 feet from the truck. He estimated the speed at between 50 and 60 miles per hour.

Other variances in proofs concerned the existence of school zone signs posted in the area and the materiality of such signs. Plaintiff Decker contended defendant made a sudden, unsignaled left turn in his path as he was attempting to pass and that he (plaintiff) was not guilty of any contributory negligence. Defendant contended he gave signals of his intention to turn by turning on his left turn signals and pumping his brakes to operate his stop light beginning about 200 feet north of the impact point. Defendant claims his speed was reduced from approximately 35 miles per hour to 5 to 10 miles per hour just prior to the collision. He said he made proper observation and had observed a car between 210 to 230 feet behind him, began to make his turn, had proceeded 2-1/2 to 3-1/2 feet across the center line when plaintiff Decker's car, traveling in excess of 50 miles per hour, struck his truck. He contended plaintiff speeded up his car to pass defendant's truck and failed to give any passing signal.

The sole question on appeal is: Did the trial court

commit prejudicial and reversible error in charging the jury on the assured clear distance ahead rule?

Having charged the jury with reference to the statute on overtaking and passing vehicles, and quoting it, and the statute with reference to stopping and turning, the court then charged further as follows:

"I would say further to you that it is the plaintiff's duty in this case to drive with due care and caution and at a speed which would be reasonable and proper under the conditions existing along the highway, and in that respect may I read to you the section in relation to speed. Here it is. I am reading now [CLS 1956, § 257.627, as amended by PA 1957, No 190 (Stat Ann 1957 Cum Supp § 9.2327)] which reads as follows:

" 'Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured, clear distance ahead.'

"That rule, of course, of speed is supplemented by the further rule that the maximum in the State of Michigan is 65 miles an hour. So I say to you if you find that the speed at which he was traveling was unreasonably fast, in view of the fact that he was in a school zone or because of the existence of a place of business on his left with trucks parked in its driveway, and that such excess of speed was proximate cause of the accident, then I charge you that he cannot recover and your verdict must be one of no cause for action. I say further to you that if the plaintiff had reason to believe that the defendant was to make a left-hand turn into the Miller driveway, either because of signals, his slowing down, or for other reasons, and the plaintiff, nevertheless, attempted to overtake and pass the defendant without giving

any signal of his intention so to do, he would be guilty of contributory negligence which would bar his recovery in this case.

"No owner or operator of an automobile is exempt from liability for a collision in a public street by simply showing that at the time of the accident he did not run at a rate of speed exceeding the limit allowed by law or the ordinances. He still remains bound to anticipate that he may meet persons at any point in a public street, and he must keep a proper lookout for them, and keep his machine under such control as will enable him to avoid a collision with another person, also using proper care and caution. If necessary, he must slow up, and even stop. No blowing of a horn or of a whistle without an attempt to slow the speed is sufficient, if the circumstances at a given point demand that the speed should be slackened or the machine be stopped, and such course is practicable to him."

Plaintiffs' theory in this case was that defendant made a sudden, unsignaled left turn into the path of the car driven by plaintiff Decker as he was attempting to pass. There was testimony and evidence from which the jury might have found this to have been the true fact in the case. Plaintiffs were entitled to have their theory of the case presented to the jury—that defendant made a sudden, unsignaled left turn immediately into the path of plaintiffs' vehicle; that plaintiff Decker was alongside the defendant's truck when defendant started his left turn; and that he (Decker) had no opportunity whatsoever to stop. If this theory was correct, the assured clear distance ahead rule would not apply. Plaintiffs contend that the court incorrectly stated the assured clear distance ahead rule by failing to incorporate a charge that the rule does not apply in the face of a sudden emergency not attributable to plaintiff Decker. An instruction should have been given that if the jury found the defendant suddenly made a left

turn immediately in the path of plaintiff Decker's vehicle or that Decker was beside the defendant's truck when defendant started his left turn and Decker had no opportunity to avoid a collision, that the assured clear distance ahead rule would not apply.

Justice Edwards, in *Gapske* v. *Hatch,* 347 Mich 648, 657, 658, said:

"Defendant's theory of this accident, as noted above, was that plaintiff came suddenly and unexpectedly into his (the defendant's) path from a place where he had been previously concealed by his (the plaintiff's) own automobile. The jury was entitled to have before it during its consideration of the case both plaintiff's and defendant's theories (where, as here, there was evidence to support them) and the law applicable thereto. *Sword* v. *Keith,* 31 Mich 247; *Poole* v. *Consolidated Street Railway Co.,* 100 Mich 379 (25 LRA 744, 4 Am Neg Cas 169); *Webber* v. *Park Auto Transportation Co.,* 138 Wash 325 (244 P 718, 47 ALR 590); 53 Am Jur, Trial, § 626, p 487."

See, also, *Smith* v. *Maticka,* 305 Mich 32.

An examination of the entire charge in the instant case fails to show that the trial court properly presented plaintiffs' theory of the accident. The failure to do so, together with the failure to state the emergency exception to the assured clear distance ahead rule, constituted prejudicial error.

The order denying the motion for new trial is reversed. Plaintiffs shall have costs.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Souris, JJ., concurred.