CLINGERMAN *v.* BRUCE.

OPINION OF THE COURT.

1. TRIAL—REQUEST TO CHARGE—INSTRUCTION—THEORY OF CASE.
   Parties are entitled to an instruction on their theory of the
   case, but it is not error for the court to refuse to give an
   instruction in the exact language requested if the court does
   instruct on the point in its own language (GCR 1963, 516.1).

2. SAME—COMMENT ON FACTS—DISCRETION OF COURT—THEORY OF
   CASE.
   It is discretionary with the trial court to comment on or to
   detail facts supporting the parties' theories of the case (GCR
   1963, 516.1).

REFERENCES FOR POINTS IN HEADNOTES
[1, 8–11] 53 Am Jur, Trial § 529 *et seq.*
[2] 53 Am Jur, Trial § 591 *et seq.*
[3] 38 Am Jur, Negligence § 212 *et seq.*
[4] 38 Am Jur, Negligence § 50.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 1018 *et seq.*
[6, 7] 5 Am Jur 2d, Appeal and Error § 836.

3. Negligence—Contributory Negligence—Proximate Cause.

Contributory negligence of the plaintiff will not bar his right
to recover unless the jury finds plaintiff's contributory negli-
gence was a proximate cause of the damage, and plaintiff's
contributory negligence is legally contributory and a proximate
cause only if it is a substantial factor in bringing about his
harm.

4. Same—Proximate Cause.

A proximate cause is the real cause, the actual cause, with no
other cause intervening to bring injury about.

5. Automobiles—Irrelevant Instruction—Intersections.

Reading of statute regarding turns at an intersection, when the
accident out of which the action arose did not occur at an
intersection, is irrelevant but not an error requiring reversal
where it did not materially affect substantial rights of de-
fendants (CLS 1961, § 257.647; GCR 1963, 13, 527.1).

6. Appeal and Error—Negligence—Evidence—Injuries—Exces-
sive Verdict.

It is the jury's province to believe or disbelieve evidence of
physical injuries which limit plaintiff's activities, and if the
jury chooses to believe it, it precludes the court on appeal in
negligence action from saying the verdict was so excessive or
so against the weight of evidence that a new trial should be
ordered.

7. Damages—Permanent Injuries—Excessive Verdict.

Verdict of $40,000 awarded plaintiff in a near head-on collision
of plaintiff's car and defendants' truck *held*, not excessive,
where there is evidence of physical injuries which limited plain-
tiff's activities to time of trial and evidence that such in-
juries were permanent.

Dissenting Opinion.

Levin, J.

8. Trial—Instruction—Request to Charge—Theory of Case—
Evidence.

*Each party to an action is entitled to have the jury instructed*
*with reference to his theory of the case, where the theory is*
*supported by competent evidence and the instruction is prop-*
*erly requested (GCR 1963, 516).*

9. SAME—REQUEST TO CHARGE—INSTRUCTION.

It is not error for a trial court to decline to give requested instructions in the exact wording of the request so long as in his own words he sets forth the theories of the case insofar as supported by testimony and instructs the jury on the applicable law (GCR 1963, 516).

10. SAME—INSTRUCTIONS—OPPOSING THEORIES.

The charge to the jury is intended to enlighten the jury and assist its deliberations; to do this it must relate the parties' opposing concepts of the evidence to the disputed issues the jury is about to resolve and must contain a recitation of the competing views of the evidence (GCR 1963, 516).

11. SAME—REQUEST TO CHARGE.

The manner in which the trial judge sets forth each party's theory is within his discretion, but it is not within his discretion to refuse to set forth the parties' theories to the jury, where a party requests an instruction and there is evidence to support his theory (GCR 1963, 516).

Appeal from Genesee; Parker (Donn D.), J. Submitted Division 2 October 2, 1967, at Lansing. (Docket No. 3,030.) Decided April 3, 1968.

Complaint by Adam B. Clingerman against Robert T. Bruce and R. N. Bruce, a partnership doing business as R. N. Bruce Construction Company, and Syend Petersen for injuries received in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Leitson, Dean, Dean, Abram, Segar & Hart,* for plaintiff.

*Gault, Davison & Bowers,* for defendants.

QUINN, J. November 25, 1963, plaintiff was involved in a near head-on collision with a truck owned by Robert T. Bruce and operated by an employee of the defendant partnership in the course of his employment. Plaintiff was proceeding south on M-15 in

the northerly portion of Goodrich, Genesee county, at the time of the accident, and the vehicle of defendants was going north on the same highway. Plaintiff sued to recover for the damages he sustained in such accident, and he recovered a jury verdict of $40,000. Judgment entered thereon and defendants moved for a new trial, which was denied. Defendants appeal from the judgment and from denial of their motion for new trial.

The errors assigned by defendants as a basis for requesting this Court to grant them a new trial relate to a requested instruction, allegedly not given, errors in instructions given, admission of improper evidence, and that the verdict was so excessive as to indicate prejudice or sympathy and that it was contrary to the great weight of the evidence.

Due to the nature of the errors assigned, we find it unnecessary to recite fully the factual aspects of the case and will confine factual discussion to facts pertinent to the issues discussed.

Defendants first ask, "Did the trial court err in not giving defendants' theory of the case as set forth in defendants' request to charge No. 1?"* Defend-

---

* "It is the theory of the defendants that defendant Petersen was driving north on M-15 and had started to turn across the center line to enter a driveway leading to the new Goodrich hospital on the west side of M-15. When Petersen's truck reached a point approximately 3–4 feet over the center line, he hesitated for a moment, being uncertain as to whether or not the driveway was blocked by construction work, and at this time he looked to the north and saw plaintiff's automobile coming over the hill from the north. Defendant Petersen then attempted to return to the east side of the highway at a speed of about 10 miles per hour, but never made it all the way back to his own side of the road. When the plaintiff's automobile was a distance of somewhere between 150 to 200 feet away, the front of the car dipped as though the brakes were applied, and the car started to slide in a diagonal direction toward the east side of the road. The plaintiff's automobile started to cross the center line something more than 100 feet away and never deviated from its course. When defendant Petersen realized that a collision was going to occur, he jammed on his brakes and was at a standstill, or almost at a standstill, 2 or 3 feet over the center line, at the time of the impact.

ants pleaded the theory indicated in this request
and there was evidence in the record to support it.
They were entitled to an instruction on this theory
(*Camden Fire Insurance Company* v. *Kaminski*
[1958], 352 Mich 507), but there is no error in refus-
ing to give the instruction in the exact language
requested if the court does instruct on the point in
its own language. (*Schattilly* v. *Yonker* [1957], 347
Mich 660.) Here the court charged on this point as
follows:

"In this action, the plaintiff, Mr. Clingerman, is
seeking an award of money from Mr. Petersen and
the Bruce Construction Company, charging that Mr.
Petersen was negligent in the operation of the pick-
up truck, that such negligence was a proximate
cause of the injury, and that damages resulted.
The defendants deny any negligence, deny the
negligence, if there was any, was a proximate cause
of the damages, and in addition the defendants
affirmatively claim that Mr. Clingerman was guilty
of what we call contributory negligence which caused
the damage, and therefore he cannot recover."

While more succinct than defendants desired,
this instruction does cover defendants' theory, and
it is discretionary with the trial court to comment
on or to detail facts supporting such theory. GCR
1963, 516.1. This was not a protracted trial, the
issues were clear cut and uncomplicated, the 2
drivers involved were the only witnesses to the acci-
dent, and it was not an abuse of discretion for the
trial judge to say no more than he did on defendants'

"At the time of the impact the Ford car was more on the east
side of the center line than on the west side.

"The defendants further contend that there was no necessity in
the plaintiff coming across the center line, because there was ample
room for him to have passed in safety if he had stayed on his own
side of the road and had kept his automobile under control by
reducing his speed."

theory, especially when plaintiff's theory was treated in a similar manner.

Defendants rely on *Snyder v. United Benefit Life Insurance Company* (1963), 371 Mich 36, to sustain their contention that it was reversible error for the trial court to refuse to give their requested instruction No. 1. We do not so read *Snyder* in which the reversible error found in the charge was its unfairness to defendant because the trial judge detailed evidence supporting plaintiff's theory and failed to detail defendant's opposing evidence, though requested to do so.

The following statement is found in the court's charge with reference to contributory negligence:

"However, negligence or contributory negligence of the plaintiff, if you find there was some, would not bar the right of the plaintiff to recover unless you find that plaintiff's contributory negligence was a proximate cause of the damage, and plaintiff's contributory negligence is legally contributory and a proximate cause only if it is a *substantial factor* in bringing about his harm." (Emphasis supplied.)

It is defendants' claim that because the trial court failed to make a similar statement with respect to defendants' negligence being a proximate cause of the accident, the charge fixed a higher standard for determining what contributory negligence barred the action than it did for determining what negligence supported the action. We cannot agree with this position. In defining proximate cause with respect to the defendants' negligence, the court stated:

"A proximate cause, when it is legally significant is the cause which in its natural and continual sequences, unbroken by any new cause, produces an event, without which the event would not have occurred. In short, it's the real cause, the actual cause,

with no other cause intervening to bring injury about."

It is inherent in this definition that to support the action defendants' negligence must be a "substantial factor" in bringing about the harm to plaintiff.

In its charge, the trial court read part of CLS 1961, § 257.647 (Stat Ann 1960 Rev § 9.2347) which prescribes the duties of a driver intending to turn at an intersection. Since the accident did not occur at an intersection, defendants "fail to see how this charge could be relevant under the circumstances of this case, and the injection of this statute into the instructions merely confuses the issue as to what defendant Petersen should or should not have done under the circumstances." We can accept this quoted statement as true and remain unconvinced on this record that the inclusion in the charge of part of the above statute was an error that materially affected substantial rights of defendants. (See GCR 1963, 13 and 527.1.)

During cross-examination of plaintiff's medical witness by defendants' counsel, reference was made to a written report by the witness to plaintiff's counsel, a copy of which had also been furnished to defendants' counsel. It is not clear from the record before us whether this reference was for the purpose of refreshing the witness' recollection, as contended by defendants, or to establish a prior inconsistent statement, as contended by plaintiff. On redirect examination, plaintiff offered the report in evidence, and it was received over defendants' objection. To support this alleged reversible error, defendants cite *Koehler* v. *Abey* (1911), 168 Mich 113, and *Grusiecki* v. *Jaglay* (1932), 260 Mich 9. Each case held it was not error to exclude memoranda; neither held it was reversible error to admit it, and neither the record nor defendants' brief dem-

onstrates that admission of the report materially affected substantial rights of defendants.

Finally defendants say the verdict was so excessive as to indicate prejudice or sympathy and the verdict was against the great weight of the evidence. There is record evidence of physical injuries which limited plaintiff's activities to time of trial and evidence that such injuries were permanent. It is the jury's province to believe or disbelieve such evidence. The jury chose to believe it, and this element of damage precludes us from saying the verdict was so excessive or so against the weight of the evidence that a new trial should be ordered.

Affirmed, with costs to plaintiff.

McGREGOR, J., concurred with QUINN, J.

LEVIN, J. (*dissenting*). The defendants requested the judge to charge the jury on their theory of the case.[1] Defendants' theory was supported by evidence and, therefore, they had a right to an instruction thereon.[2] The majority acknowledges that rule of law but rejects defendants' claim of error, finding the trial judge complied when he gave the charge set out in the majority opinion. And this is where we disagree.

The judge's charge that each party claimed the other was negligent did not satisfy the court's obligation to charge a requesting party's theory, if supported by evidence, even though the "theory may be controverted by evidence of the opposing party."[3]

---

[1] See footnote 1 of the majority opinion for text of the requested charge.

[2] *Camden Fire Insurance Company* v. *Kaminski* (1958), 352 Mich 507, 511; *Schattilly* v. *Yonker* (1957), 347 Mich 660; *Snyder* v. *United Benefit Life Insurance Company* (1963), 371 Mich 36; *Gapske* v. *Hatch* (1957), 347 Mich 648, 658. This rule is applicable in criminal as well as civil cases. *People* v. *Welke* (1955), 342 Mich 164.

[3] *Schattilly* v. *Yonker, supra*, p 666.

The judge's charge told the jury little, if anything, more than they knew from their own experience. As soon as they learned this was an automobile collision case, the jury knew that, in all probability, each party charged the other with fault and denied his own culpability.

The simple statement that plaintiff asserts defendant was at fault, while defendant denies fault and, additionally, asserts plaintiff's faulty conduct caused his injury, is not what we mean by a "theory of the case." That statement is the "theory" of almost every negligence case. It is not, however, a statement of either the plaintiff's or defendant's theory in particular.

True, there is no set formula for jury instructions. The trial judge need not charge the precise words requested.[4] However, he cannot discharge this obligation by a statement adding nothing to the jury's understanding of the case. If the right to the charge is to be meaningful, and if the charge is to serve its intended purpose of enlightening the jury and assisting it in its deliberations, the trial judge must relate the opposing concepts of the evidence to the disputed issues the jury is about to resolve. We know the evidence must be related to the issues in a statement of the "theory", from the case of *Schattilly*. The Court first stated the nature of plaintiff's theory (p 666):

"From the pleadings and the record and plaintiff's requests to charge, it is apparent that plaintiff's theory of the happening of this accident was that the defendant Ella Yonker stepped on the accelerator pedal as she was undertaking to get out of this

---

4 "There could be no error in the trial judge declining to accept plaintiff's requested instructions, in their exact wording, so long as in his own words he set forth plaintiff's theory of the case (in the event there was testimony to support it) and instructed the jury on the law applicable thereto." *Schattilly* v. *Yonker, supra*, p. 665.

automobile via the driver's door, and that this action, coupled with the fact that the car was in gear and the brake not set, constituted negligence which was the proximate cause of plaintiff's injuries."

The court then ruled that, since there was ample evidence to sustain plaintiff's theory, it was (p 666) "reversible error for the trial court to ignore plaintiff's requests to charge upon the question of whether or not one of the defendants stepped on the accelerator while the automobile in question was running and in gear." See, also, *Snyder* v. *United Benefit Life Insurance Company* (1963), 371 Mich 36, 45, where an opinion signed by 4 Justices[5] observed that the trial judge's manner of instruction "amounted to an exclusion of the consideration of the defendant's theory and *provided no guidance in the application of the factual evidence* adduced by it to that theory." (Emphasis supplied.) Clearly, the Supreme Court requires a recitation of the competing views of the evidence, not an empty ritual.

Finally, my Brothers state: "it was not an abuse of discretion for the trial judge to say no more than he did on defendants' theory, especially when plaintiff's theory was treated in a similar manner." The implication is that the judge need not grant requests for instructions on the parties' theories of the case so long as he does not discriminate between plaintiff and defendant by denying one and granting the other.[6] In my opinion, their statement misinterprets the purpose of placing this obligation upon the trial court. That purpose is clarification and delineation

---

[5] The other 4 Justices joined in a separate opinion which did not address itself to this issue.

[6] In *Snyder* v. *United Benefit Life Insurance Company, supra,* the Court was faced with a trial judge's unequal treatment of plaintiff's and defendant's theories of the case, but nowhere in that opinion did the Court intimate the trial judge's duty in instructing the jury on the respective theories was merely to insure that the parties received equal treatment.

of the contested issues so that the deciding jury may be a well-instructed, knowledgeable jury.[7]

The manner in which the trial judge sets forth each party's theory is within his discretion; it is not within his discretion to refuse, upon request, to instruct concerning the parties' relevant theories.[8]

I would reverse and grant a new trial.

---

[7] "The jury was entitled to have before it during its consideration of the case both plaintiff's and defendant's theories (where, as here, there was evidence to support them) and the law applicable thereto. *Sword* v. *Keith*, 31 Mich 247; *Poole* v. *Consolidated Street Railway Co.*, 100 Mich 379 (25 LRA 744, 4 Am Neg Cas 169); *Webber* v. *Park Auto Transportation Co.*, 138 Wash 325 (244 P 718, 47 ALR 590); 53 Am Jur, Trial, § 626, p 487." *Gapske* v. *Hatch* (1957), 347 Mich 648, 658.

[8] "Each party is entitled to have his theory of the case, if supported by evidence, explained to the jury. The theories of each party and issues raised thereby must be stated fairly, giving equal stress to the positions of each party. In stating the issues to the jury, the allegations, denials, and admissions by both parties should be clearly and succinctly stated in the instructions, outlining the issues as presented by the pleadings of all parties and by the evidence. Instructions should be concrete and specific with respect to the facts and issues and not abstract in character." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) 562, authors' comments to GCR 1963, 516.