## SHANNON *v.* TOWNSHIP OF JAMESTOWN.

1. WITNESSES—IMPEACHMENT.

    Witness may be impeached by exhibiting improbabilities of his testimony on cross-examination, showing conduct and statements inconsistent with his testimony, and by testimony affecting his reputation for truth and veracity.

2. SAME—COLLATERAL MATTERS.

    Witness may not be impeached by contradiction on matters purely collateral, but what is collateral matter depends on issue in case.

3. SAME.

    If statements in relation to which it is sought to show self-contradiction by witness concern or relate to fact or facts which could have been shown independently of self-contradiction, then statements of witness sought to be shown by impeaching witness are not collateral.

4. SAME—RELEVANT MATTERS—CONTRIBUTORY NEGLIGENCE.

    In action against township for injuries sustained when automobile was wrecked by alleged defect in highway, admission of testimony by defendant's witness showing contradictory statements by plaintiff's witness regarding drinking of intoxicating liquors by plaintiff and the driver of the car was not error as permitting impeachment on collateral matter, since their conduct and condition were material and relevant, having direct bearing on question of their contributory negligence.

5. APPEAL AND ERROR—FORM OF IMPEACHING QUESTIONS.

    Where questions asked plaintiff's witness sought to be impeached and impeaching witness were of same import, plaintiff was not prejudiced by form of questions.

6. MOTOR VEHICLES—INTOXICATING LIQUORS—CONTRIBUTORY NEGLIGENCE.

    Where there was testimony tending to show use of intoxicating liquors by plaintiff and the driver of his automobile, extent to which such use contributed to automobile accident, if at all, was for jury.

On the general rule as to manner of impeaching witnesses, see annotation in 41 L. R. A. (N. S.) 877.

7. SAME—TRIAL—INSTRUCTIONS.

In action for injuries sustained in automobile accident, charge of court on burden of proof and plaintiff's contributory negligence, *held*, as favorable to plaintiff as he was entitled to.

8. TRIAL—INSTRUCTIONS—EVIDENCE.

In view of circumstances under which impeaching testimony was admitted, failure of court to charge jury that it could not be considered by them as substantive proof was not error, in absence of request therefor.

Error to Ottawa; Cross (Orien S.), J. Submitted June 3, 1930. (Docket No. 2, Calendar No. 34,824.) Decided October 3, 1930.

Case by Paul Shannon against Jamestown Township for injuries in an automobile wreck alleged to have been caused by defect in highway. From verdict and judgment for defendant, plaintiff brings error. Affirmed.

*Peter J. Danhof* and *Irving H. Smith,* for plaintiff.

*Diekema, Kollen & Ten Cate,* for defendant.

POTTER, J. Plaintiff brought suit against defendant to recover damages for an injury in an automobile wreck claimed to have been occasioned by defendant's negligence. There was verdict and judgment for defendant. A motion for a new trial was made and denied. Plaintiff brings error.

Plaintiff was the owner of an automobile and an officer in the Grand Rapids police department. On the day of the accident, together with one Pease, another police officer in Grand Rapids, Goldie Parker, and Gertrude Mattice, the parties left Grand Rapids in plaintiff's car with plaintiff driving. Afterward he changed seats with Goldie Parker and permitted

her to drive. The accident occurred near Jamestown in Ottawa county. Plaintiff claims the court was in error in permitting defendant to impeach plaintiff's witnesses on collateral matters, in failing to instruct the jury such impeaching testimony might not be used as substantive proof of contributory negligence on the part of plaintiff, that there was no proof plaintiff or the driver of the car had used intoxicating liquors to the extent their physical or mental abilities were in any way affected thereby, and the trial judge erred in failing to instruct the jury if they found plaintiff guilty of contributory negligence they must further find this negligence contributed to the injuries received.

A witness may be impeached by exhibiting the improbabilities of his story on cross-examination, showing conduct inconsistent with his testimony, showing statements made by the witness inconsistent with his testimony, and by testimony affecting his reputation for truth and veracity. A witness may not be impeached by contradiction on matters purely collateral. *Hamilton* v. *People,* 46 Mich. 186; *Thomas* v. *Township of Byron,* 168 Mich. 593 (28 Ann. Cas. 686, 38 L. R. A. [N. S.] 1186).

Plaintiff here complains defendant was permitted to impeach the witness Pease on purely collateral matters. What is a collateral matter depends upon the issue in the case. To entitle plaintiff to recover, it was incumbent upon him to show defendant's negligence and his own freedom from contributory negligence. Plaintiff was the owner and an occupant of the car. He permitted Goldie Parker to drive it. His negligence and the negligence of Goldie Parker, if they contributed to plaintiff's injury, barred his recovery. Plaintiff's conduct and condition immediately preceding the wreck, as well as

the conduct and condition of Goldie Parker, were material and relevant and in no sense collateral to the issue involved. Defendant introduced evidence tending to show the smell of liquor on the breath of Goldie Parker after the accident. This was competent, relevant, and material to the issue. The rule as to what is a collateral matter is not always easy of application, but the rule is that if the statements in relation to which it is sought to show self-contradiction by the witness concern or relate to a fact or facts which could have been shown independently of self-contradiction, then the statements of the witness sought to be shown by the impeaching witness are not collateral.

This was the rule laid down by Chief Baron Pollock in *Attorney General* v. *Hitchcock,* 1 Exch. 91, 99; and Wigmore says it is the only test that has the qualities of definiteness, concreteness, and ease of application (2 Wigmore on Evidence [2d Ed.], § 1020), and hence is the only practical test.

Measured by this rule, the impeaching questions, foundation having been laid therefor, were proper. It was competent, relevant, and material for defendant to show if it could, that not only plaintiff but the driver of the car were under the influence of intoxicating liquor at the time of the accident, and that the conduct of plaintiff and the driver of the car contributed to the wreck which caused the injury. It was competent therefore for defendant to ask the witness for plaintiff as to these things and to show by way of impeachment his contradictory statements in relation thereto.

There was no error in the scope of the attempted impeachment, and the impeaching questions did not relate to matters purely collateral. The questions asked the witness sought to be impeached and the

impeaching witness were substantially, though not precisely, the same. They were of the same import, and plaintiff was not prejudiced by the form of the questions. *Morin* v. *Robarge,* 132 Mich. 337.

There was testimony tending to show the driver of the car was driving rapidly over fresh gravel on a comparatively narrow country road, and evidence tending to show the odor of intoxicating liquor on her breath immediately after the accident. We cannot say there was no testimony tending to show the use of intoxicating liquors by plaintiff and the driver of the car. The extent to which the use of intoxicating liquors, if found by the jury to have been indulged in, contributed to the accident, if at all, was for the jury.

It is claimed the court failed to properly instruct the jury upon the subject of contributory negligence. It appears the court charged the jury the burden of proof was upon plaintiff to show not only that plaintiff but the driver of the automobile were free from contributory negligence. He also charged they could not render a verdict against defendant unless they should find plaintiff was not guilty of any negligence or lack of care which he ought to have observed for his own protection and which lack of care helped to bring about the injury to him. We think the charge on the whole was as favorable as plaintiff was entitled to.

Plaintiff complains that the court did not specifically charge the jury the testimony introduced by way of impeachment could not be considered by them as substantive proof. When this testimony was offered, counsel for defendant stated it was impeaching testimony. The court said:

"As I understand it, it is simply received for impeachment of the credibility of the witness."

Again counsel for defendant, when objection was made to the testimony, stated that it was introduced only to impeach. There was no claim made by counsel for defendant this impeaching testimony should be used as substantive proof. There was no request to charge proffered by plaintiff as to the use and application of this testimony.

Under the circumstances, the failure of the court to give an express instruction in relation thereto is not error. *Catlin* v. *Railroad Co.*, 66 Mich. 358; *Lepard* v. *Railroad Co.*, 166 Mich. 373 (40 L. R. A. [N. S.] 1105).

All of plaintiff's other assignments of error have been considered. We think none of them warrant a reversal of the case. Judgment is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.