VANDEN BERG v GRAND RAPIDS GRAVEL COMPANY

1. NEGLIGENCE—INVITEE—LAND OCCUPIER—DUTY OF CARE—INSTRUC-
   TIONS TO JURY.

   Instructing the jury that defendant gravel company could be
   liable for the death of plaintiff's decedent who was run over by
   defendant's truck on defendant's land, even though it might
   determine that defendant-employee, the truck driver, who had
   directed decedent into a place of danger, was not liable, was not
   reversible error where plaintiff alleged and proved defendant
   company's negligence in failing to make its premises safe for
   invitees and, based upon the evidence, the jury could properly
   consider whether defendant company had met its duty to
   maintain its premises in a reasonably safe condition for dece-
   dent's visit.

2. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS TO JURY.

   Failure to give defendant company's requested additional instruc-
   tions on contributory negligence was not reversible error where
   the trial judge gave the standard jury instruction regarding
   contributory negligence, as requested, and where to give the
   three additional contributory negligence instructions would be
   to charge the jury in a manner not completely reflective of the
   evidence presented (SJI 11.01).

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS TO JURY.

   Failure to give defendant's requested instructions regarding con-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 9] 62 Am Jur 2d, Premises Liability §§ 62, 186, 250, 254, 268.

[2, 3] 57 Am Jur 2d, Negligence §§ 298–300.

[4, 9] 57 Am Jur 2d, Negligence §§ 295–297.

   62 Am Jur 2d, Premises Liability §§ 283, 284, 290, 303.

   Liability for injury or damage occasioned by backing of motor
   vehicle within private premises, 62 ALR2d 184.

   Liability of owner or operator of premises for injury to person
   coming to premises in course of delivery or pickup of merchan-
   dise or similar products, 32 ALR3d 9.

[5] 57 Am Jur 2d, Negligence § 298 et seq.

[6, 7] 58 Am Jur, Witnesses §§ 706, 710, 711.

[8] 22 Am Jur 2d, Damages §§ 189–191, 194.

tributory negligence and burden of proof was not reversible error where the trial court gave standard jury instructions which covered the proposed instructions on these two issues (SJI 11.01, 21.01, 21.02).

4. NEGLIGENCE—EVIDENCE—DIRECTED VERDICT.

A directed verdict for the defendant was properly denied where the evidence showed that plaintiff's decedent had been talking with defendant's gravel truck operator, who directed the decedent to a loader operator for fill sand, that the gravel truck operator saw decedent walk away but not in any particular direction, and that the gravel truck operator then continued backing up his vehicle, which crushed decedent beneath the truck wheels, because this evidence does not establish decedent's contributory negligence as a matter of law, but makes it a question of fact.

5. NEGLIGENCE—DUE CARE—PRESUMPTIONS—INSTRUCTIONS TO JURY.

Failure to give defendants' instruction that if the jury found that the decedent was not exercising due care for his own safety, the presumption of due care would disappear, was not reversible error where defendants' proposed instruction, when compared with the standard jury instruction given by the court, discloses no substantial difference and defendants advanced no compelling reason to justify any departure from the standard instruction (SJI 10.08).

6. NEGLIGENCE—EVIDENCE—WORKMEN'S COMPENSATION BENEFITS— ADMISSIBILITY—DISCRETION.

The trial court did not abuse its discretion in ruling that the prejudicial effect of admitting evidence of workmen's compensation benefits being paid to plaintiff widow by her deceased husband's employer to show the interest of the employer and hence the interest of decedent's fellow employees outweighed any probative value such evidence might have upon the credibility of the fellow employees who testified regarding investigations, diagrams, and measurements of the fatal accident on defendant's premises and of decedent's potential future earnings with his employer.

7. NEGLIGENCE—EVIDENCE—WORKMEN'S COMPENSATION BENEFITS— ADMISSIBILITY—THIRD-PARTY DEFENDANT.

Evidence concerning receipt of workmen's compensation payments by an injured workman and his dependents is not admissible in the trial of a negligence case against a third-party defendant.

8. Negligence—Damages—Interest—Instructions to Jury.

    Instructing the jury that they should award plaintiff interest from the date that plaintiff's damages accrued to the date of the jury's verdict improperly allowed the imposition of double interest from the date of filing of the complaint to the date of the jury's verdict since statutory interest is required to be imposed from the date of filing the complaint and such interest is presumed to have been imposed by the trial court's judgment against the defendant.

9. Negligence—Evidence—No Cause of Action.

    A verdict of no cause of action in favor of defendant employee, who was operating defendant gravel company's truck which ran over plaintiff's decedent while he was on defendant company's business premises, was not against the great weight of the evidence where the jury, faced with the alternative of returning verdicts against both defendants or only against one or the other of the defendants, may well have found no negligence on defendant employee's part, while also finding defendant company liable because of negligence in failing to make its premises safe for invitees.

Appeal from Kent, John T. Letts, J. Submitted Division 3 June 12, 1972, at Grand Rapids. (Docket Nos. 11223, 11224.) Decided September 26, 1972. Leave to appeal denied, 389 Mich 768.

Complaint by Louise J. Vanden Berg, administratrix of the estate of Richard Vanden Berg, deceased, against Grand Rapids Gravel Company and Karl Nykamp for negligence. Verdict and judgment for plaintiff against Grand Rapids Gravel Company; verdict and judgment of no cause of action in favor of defendant Nykamp. Grand Rapids Gravel Company appeals (No. 11223). Plaintiff appeals as to defendant Nykamp (No. 11224). Remanded for modification of interest awarded in the judgment against Grand Rapids Gravel Company; affirmed as to Karl Nykamp.

*Eugene Field, P. C.,* for plaintiff.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone),* for Grand Rapids Gravel Company.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

FITZGERALD, P. J. Plaintiff's decedent, Richard Vanden Berg, was fatally injured on May 26, 1969, when struck by a tractor-trailer truck owned by defendant Grand Rapids Gravel Company. Defendant-employee Karl Nykamp was the operator of the tractor-trailer unit at the time of the accident. The event occurred on the company's premises. Plaintiff, the wife of decedent, brought suit in Kent County Circuit Court against both defendants alleging negligence of defendants as the cause of the accident and resulting death of Mr. Vanden Berg, an invitee upon defendant's premises.

Defendants, by answer, admitted that on the date of the accident decedent was an invitee upon the company's premises, but denied any negligence. They pleaded, by way of affirmative defense, negligence of plaintiff which contributed to the accident. A jury trial held in November 1970 resulted in a verdict in favor of plaintiff and against defendant Grand Rapids Gravel Company in the amount of $150,000, and a verdict against plaintiff of no cause of action in favor of defendant Nykamp. Judgments were entered accordingly on December 17, 1970. Following the denial on January 29, 1971, of motions for judgment notwithstanding the verdict or new trial filed by defendant Grand Rapids Gravel Company and by plaintiff, respectively, these appeals were filed by the company and by plaintiff as of right.

Defendant Grand Rapids Gravel Company is in the sand and gravel business and, in connection therewith, operates several sand and gravel yards

and concrete plants in the vicinity of Grand Rapids, Michigan. Defendant Karl Nykamp had been employed by Grand Rapids Gravel Company for nearly 20 years as a truck driver. On May 26, 1969, defendant Nykamp was in the process of hauling sand from one of the gravel yards to one of the company's concrete plants. That morning, at approximately 9:30, plaintiff's decedent, a Consumers Power Company employee, drove a company pickup truck to the gravel yard in question for the purpose of picking up a load of fill sand. The decedent, Mr. Vanden Berg, was a building service supervisor at that time and had undertaken the truck pickup duties on account of a strike at the company. The record reveals that after driving into the gravel yard, decedent parked his truck some distance away and approached defendant Nykamp's truck on foot. Mr. Vanden Berg inquired of Nykamp about obtaining fill sand. Defendant Nykamp informed Vanden Berg that he would have to get the sand from the front-end loader which at the time was near the Nykamp truck and in the process of scooping a load of sand for that truck. The front-end loader was observed by Nykamp through his left mirror. At the time of decedent Vanden Berg's approach, defendant Nykamp was about to back his rig up to a pile of sand, following, on the ground, other tracks made by another truck that had previously backed up to be loaded at the same pile of sand. Decedent Vanden Berg started walking away to the left, from defendant Nykamp.

The operator of the front-end loader testified by deposition that he observed decedent Vanden Berg as he talked to defendant Nykamp and as he started to walk toward the front-end loader. The loader operator testified that as Vanden Berg

walked in his direction, he went back to work operating the loader as defendant Nykamp began backing his rig toward the sand pile and that he did not see Vanden Berg again until he was observed on the ground under the rear wheels of the Nykamp truck-trailer. The loader operator, observing decedent Vanden Berg's plight, shouted and waved at Nykamp to stop his vehicle, the tires of which had passed over decedent's body. Defendant Nykamp, observing through his left mirror the loader operator's motions to him, stopped his truck and pulled forward several feet. When he emerged from his cab, defendant was decedent Vanden Berg lying on the ground, face down, it being obvious that the dual wheels on the rear of the truck had run over him.

Testimony revealed that the gravel yard contained various items of equipment in the vicinity of the accident, and that with its steady flow of trucks, the yard was a noisy and busy place. The record also revealed testimony by defendant Nykamp to the effect that, as decedent Vanden Berg left the vicinity of the Nykamp truck, Nykamp did not see him go off in any particular way. Defendant Nykamp stated, however, that decedent Vanden Berg's line of travel, going directly to the front-end loader from the Nykamp truck, would have taken him to the point where he was struck; and that defendant Grand Rapids Gravel Company had never instructed him as to the conduct to be undertaken in regard to pedestrians on the company premises.

The issues raised by appellants, defendant Grand Rapids Gravel Company and plaintiff, Louise J. Vanden Berg, will, as restated, be considered hereinafter.

1. *Did the trial court commit error in instruct-*

*ing the jury that a verdict could be returned against defendant-employer, Grand Rapids Gravel Company, even if the jury found no liability on the part of defendant-employee, Karl Nykamp?*

Defendant, Grand Rapids Gravel Company, claims that to instruct the jury that liability could be found against the company, even though it might be determined that defendant Nykamp was not liable, was error; that plaintiff's sole theory of recovery was that the negligence of defendant Nykamp, in directing decedent into a place of danger, was the proximate cause of the accident; and that the duties of an owner or occupier of land toward an invitee relate only to hidden dangers.

Plaintiff counters by asserting that liability of defendant company for negligence in failing to make its premises safe for invitees thereon was pleaded and proven; and that the duty owed to an invitee extends to the maintenance of premises in a reasonably safe condition.

In *Blakeley v White Star Line,* 154 Mich 635, 637 (1908), it was stated:

" 'One is under no obligation to keep his premises in safe condition for the visits of trespassers. On the other hand, when he expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.' "

See, also, *Hall v Wood,* 26 Mich App 135 (1970). In the instant case it was proper for the jury to consider, based upon the evidence, whether defendant company met its duty in regard to the maintenance of reasonably safe premises for decedent's visit. The instruction regarding the possible liability of the company was not error.

2. *Did the trial court commit error in failing to give defendant Grand Rapids Gravel Company's requested instructions on contributory negligence?*

Defendant company claims that the trial court erred in failing to give the following three instructions:

*"Requested Instruction No. 3*

"One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved. In this connection, I charge you that momentary forgetfulness or inattention to a known danger may amount to negligence.

*"Requested Instruction No. 4*

"One who voluntarily places himself in or remains in a position which he knows, or with reasonable care, should know, is dangerous, cannot recover for the ensuing injury.

*"Requested Instruction No. 5*

"Under the law of this state, ladies and gentlemen, an individual who has available two means of accomplishing a given end, one of which he knows or should know to be dangerous, and the other of which he knows to be completely safe, is guilty of contributory negligence if he adopts the more dangerous means of accomplishing the end and sustains injury thereby."

The trial court found defendant's proposed instruction 2, standard jury instruction 11.01 on contributory negligence, to be sufficient.[1] It further deter-

---

[1] Defendant's requested instruction number 2, as given to the jury in this case, was as follows:

"When I use the terms negligence or contributory negligence with respect to the plaintiff's conduct, I mean the plaintiff's failure to use ordinary care for his own safety which proximately contributed to his death. By failure to use ordinary care for his own safety, I mean the

mined that the proposed instructions were "loaded violently * * * with innuendos as to what went on in the mind of the deceased".

Defendant claims that the proposed instructions were warranted by the facts of this case and that to refrain from giving such instructions constituted prejudicial error.

Plaintiff points out that the proposed instructions do not take into account her theory regarding a crane which, at the time of the accident, was located in the gravel yard in question. She claims that decedent, just prior to the accident, may have stopped walking toward the front-end loader to avoid being hit by or walking under the boom of the crane, at which point the backing trailer knocked decedent down. The exhibits showing the crane's position lend plausibility to plaintiff's theory. Standard jury instruction 11.01, regarding contributory negligence, was a proper instruction. For the court to have given defendant's proposed instructions would have been to charge the jury in a manner not completely reflective of the evidence presented. No error was committed in the particular herein urged.

*3. Did the trial court commit error in failing to instruct the jury in terms of the specific facts involved in the case?*

Defendant Grand Rapids Gravel Company contends that the following proposed instructions were erroneously omitted from the court's charge to the jury:

*"Requested Instruction No. 6*

"If you find, from the evidence presented, that the

failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not do, under the circumstances which you find existed in this case. It is for you then to decide what a reasonably careful person would do or not do for his own safety under such circumstances."

decedent either knew, or in the exercise of ordinary care, should have known that Mr. Nykamp was in the process of backing his semi-trailer and that, notwithstanding this fact, he, through his own voluntary acts or omissions, placed himself in or remained in a position which he knew, or with reasonable care, should have known to be dangerous, then I charge you that there may be no recovery in this action because of his ensuing injury and death, and that your verdict in this case must be one of no cause of action as to both defendants.

"*Requested Instruction No. 7*

"If you find, from the evidence presented, that the decedent, at the time of the accident, was in the process of going to the area where the front-end loader was located, and that one of the proximate causes of the accident was an attempt by him to reach this point by walking in an area that he knew, or in the exercise of reasonable care should have known, to be directly in the path of the backing truck when he could have avoided any danger whatsoever by taking a readily available route either to the left or to the right of the backing truck, then I charge you that his action in walking where he did would amount to contributory negligence requiring that your verdict in this case be one of no cause of action as to both defendants.

"*Requested Instruction No. 8*

"If you find that plaintiff has failed to establish by a preponderance of the evidence, that defendant Nykamp was guilty of negligence in the backing of his truck, then there may be no recovery of damages in this case and your verdict must be one of no cause for action."

Defendant asserts that the foregoing requested instructions were properly fashioned so as to relate in a meaningful manner to the facts of the case. *Hill v Harbor Steel & Supply Corp,* 374 Mich 194, 207 (1965).

Plaintiff notes that defendant's requested instructions numbers 6 and 7 dealt with contributory negligence and were covered by standard jury

instruction 11.01. See footnote 1. Further, proposed instruction number 8 regarding burden of proof was covered by the court through the giving to the jury of standard jury instructions 21.01 and 21.02.[2] Plaintiff also maintains that defendant's proposed instructions are not in accord with GCR 1963, 516.6(4),[3] inasmuch as the instructions were of an argumentative nature.

We rule that the trial court, having charged the jury as to contributory negligence and burden of proof in accordance with the standard jury instructions, did not err in refusing to give the additional requested instructions here under consideration. *Sting v Davis,* 384 Mich 608, 612 (1971).

---

[2] "As to the burden of proof, I will now explain to you the burden of proof which the law places on parties to establish their respective claims. When I say that a party has the burden of proof, or in this connection use the expression, if you find, or if you decide, I mean the evidence must satisfy you that the proposition on which that party has the burden of proof has been established by evidence which outweighs the evidence against it. You must consider all the evidence, regardless of which party produced it.

"The plaintiff has the burden of proof on each of the following propositions:

"That the plaintiff sustained damage, that is by the death of her husband.

"That the defendants were negligent in one or more ways claimed by the plaintiff, as stated to you in these instructions.

"That the negligence of the defendants was a proximate cause of the death of the decedent and damages to the plaintiff.

"The defendants have the burden of proof on their claim that the plaintiff was negligent in one or more of the ways claimed by the defendants, as stated to you in these instructions, and that such negligence was a proximate contributing cause of the death of the husband of the plaintiff."

[3] GCR 1963, 516.6(2) states:

"Pertinent portions of Michigan Standard Jury Instructions (SJI) published under authority of this subrule shall be given in each civil case in which jury instructions are given if (a) they are applicable and (b) they accurately state the applicable law."

GCR 1963, 516.6(4) states:

"This subrule does not limit the power of the court to give additional instructions on applicable law not covered by SJI. Additional instructions when given shall be modeled as nearly as practicable after the style of SJI, making them concise, understandable, conversational, unslanted and nonargumentative."

4. *Upon the evidence presented, was defendant-employer, Grand Rapids Gravel Company, entitled to a directed verdict as a matter of law?*

Motions for directed verdict were made by defendants at the close of plaintiff's proofs and again at the conclusion of all the proofs. Both motions were denied by the trial court. Defendant Grand Rapids Gravel Company claims that the evidence presented in this cause, including the photographic exhibits, establishes that the decedent, Richard Vanden Berg, was guilty of contributory negligence as a matter of law; the presumption of due care, otherwise available, having been clearly overcome by direct, positive, and uncontradicted evidence disclosing negligent acts or omissions on the part of decedent which contributed to his injuries and death.

Plaintiff, on the other hand, maintains that since a directed verdict is proper in a negligence case only where the evidence clearly precludes any reasonable view establishing plaintiff's claim for right to recovery, it was for the jury in this case to weigh the presumption of due care with all the evidence; that the jury could find that decedent, just prior to the accident, proceeded as directed by defendant Nykamp in the direction of the front-end loader; and that, considering the noise and confusion attendant upon defendant's premises, decedent acted reasonably.

Viewing the evidence in the light most favorable to plaintiff, as the party opposing the motion, *Budman v Skore,* 363 Mich 458, 462 (1961), we conclude that the case was properly submitted to the jury. The record reflects testimony of the front-end loader operator, elicited prior to defendant's original motion for directed verdict, as to his having observed decedent talking to defendant

Nykamp, proceeding toward the loader operator and then being crushed by the truck tires. In addition, there was testimony by defendant Nykamp, elicited prior to defendants' renewed motion, which showed only that decedent had inquired of defendant Nykamp as to the possibility of obtaining fill sand; that decedent had been directed by Nykamp to the loader operator; that Nykamp saw decedent walk away to his left, but not in any particular direction; and that Nykamp then continued his backing operation. This evidence did not establish contributory negligence as a matter of law. The record reveals the existence of factual questions relative to alleged contributory negligence on decedent's part so as to render defendants' motions for directed verdict inappropriate. *Zaborski v Kutyla,* 29 Mich App 604 (1971); *Kuhnee v Miller,* 37 Mich App 649 (1972).

5. *Did the trial court commit error in refusing to instruct the jury concerning the effect of the presumption of due care as drafted by defendants?*

The trial court instructed the jury in accordance with standard jury instruction 10.08 as follows:

"Now, because Mr. Vanden Berg has died and cannot testify, you must presume that he was in the exercise of ordinary care for his safety at and before the time of the occurrence, unless you find the presumption is overcome by the evidence. In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that Mr. Vanden Berg was not negligent."

Defendants requested the giving of instruction number 14, and defendant company claims that by refusing to give the instruction, the trial court committed error. Defendant claims, particularly,

that the last sentence of the proposed instruction should have been added to the standard jury instruction. That sentence would have informed the jury that if they found that the evidence established that the decedent was not exercising due care for his own safety, the presumption of due care would disappear. Defendants' full requested instruction read:

"Under the law of this state, there is a presumption that every deceased person was in the exercise of due care for his own safety.

"This presumption is applicable here on behalf of the plaintiff. However, it is only a presumption and applies only so long as consistent with the evidence actually presented in this case. If you find that there has been evidence presented which establishes that the decedent was not so exercising due care for his own safety, then this presumption wholly disappears, and must be disregarded by you."

A careful comparison of defendants' proposed instruction with the standard jury instruction given by the court discloses no substantial difference. Defendant has advanced no compelling reason which would justify the court's departing from the standard instruction given to the jury. This issue is without merit.

6. *Did the trial court abuse its discretion in ruling that the prejudicial effect of admitting evidence as to workmen's compensation benefits outweighed any probative value such evidence might have upon the credibility of plaintiff's decedent's fellow employees?*

Defendant Grand Rapids Gravel Company contends that the trial court erred in precluding it from relating to the jury the interest that Consumers Power Company, as decedent's employer, had in the outcome of the present action. Defendant

maintains that that interest should properly have been allowed to be shown, as measured by the workmen's compensation benefits which the company had been paying to plaintiff because of her husband's death. It is defendant's position that the testimony of Consumers Power Company employees called to testify on behalf of plaintiff was that of other than wholly disinterested employees; that, on the basis of *Olweean v Wayne County Road Commission,* 385 Mich 698, 702–703 (1971), defendants were justified in showing that investigations by Consumers Power Company employees in this case were made at the direction of the company because of its interest in the outcome of the proceedings. In *Olweean,* the Court stated that once a party has put a fact into evidence, the other party has an unquestioned right to explore fully the circumstances surrounding the subject matter. Defendant maintains that the testimony of employees of Consumers Power Company regarding investigations, diagrams, measurements and decedent's potential future earnings justified defendants' attempt to show why such studies were made in this case.

Plaintiff asserts, however, and correctly so, that *Hill v Harbor Steel & Supply Corp,* 374 Mich 194 (1965), is authority for the rule that evidence concerning receipt of workmen's compensation payments by an injured workman and his dependents should not be admitted in the trial of a negligence case against a third-party defendant. We hold that the introduction of evidence of workmen's compensation benefits by defendant's counsel would likely have been prejudicial to plaintiff. Such evidence was properly excluded by the court. See *McCullough v Ward Trucking Co,* 368 Mich 108, 114 (1962); *Leitelt Iron Works v DeVries,* 369

Mich 47, 57 (1963).[4] No abuse of discretion on the part of the trial court has been demonstrated.

7. *Was the trial court in error in instructing the jury that, if they decided that plaintiff had suffered damages, they were to return a verdict which included interest from the date the damages accrued?*

The trial court, over defendants' objection, instructed the jury that they should award plaintiff interest from the date that plaintiff's damages, if any, accrued to the date of the jury's verdict. In addition, MCLA 600.6013; MSA 27A.6013 states in part:

"Interest shall be allowed on any money judgment recovered in a civil action, such interest to be calculated from the date of filing the complaint at the rate of 5% per year."

A motion by plaintiff for addition of interest at a rate of 5% from the date of filing of the complaint to the date of judgment was filed on January 6, 1971. The trial court did not rule upon that motion. From the foregoing statutory provision, however, it appears that statutory interest is required to be imposed from the date of filing of the complaint. Such interest must, therefore, be presumed to have been imposed, by the trial court's judgment, upon defendant Grand Rapids Gravel Company.

As defendant contends, the court's instruction to

---

[4] In *McCullough,* Mr. Justice BLACK, in an opinion in which two other justices joined, criticized the trial judge's failure to prevent introduction before the jury of the inadmissible and prejudicial subject of workmen's compensation. A majority of the *McCullough* Court did not hold that evidence of workmen's compensation benefits was inadmissible.

In *Leitelt* the Court ruled that the fact and extent of workmen's compensation benefits could not be mentioned before the jury.

See *Lapasinskas v Quick,* 17 Mich App 733 (1969).

the jury, herein considered, had the effect of improperly allowing the imposition of double interest from the date of filing of the complaint to the date of the jury's verdict. Defendant cites *Vannoy v City of Warren,* 26 Mich App 283, 288–289 (1970), which is dispositive of this issue. In *Vannoy,* this Court stated in part:

"In a wrongful death action, where a claim accrues as of a date certain, the jury is to be instructed to include as part of its award of damages interest from the date of injury to the date the complaint was filed. When the verdict is returned the defendant shall immediately be liable for statutory interest from the date of the complaint to the date the judgment is paid computed in accordance with MCLA 600.6013; MSA 27A.6013.

"Since the trial court below instructed the jury to compute interest from the date of injury to the date of verdict, it was in error to the extent that interest *as part of damages* would include the period between complaint and verdict. * * * (Emphasis in original.)

"We, therefore, remand this cause to the trial court which shall enter its order awarding interest to plaintiff at the rate of 5% per year. As the judgment already includes interest from the date of complaint to the date of judgment, the court on remand shall only allow interest from the date of the judgment to the date the judgment was or is satisfied. If, as the pleadings in this Court indicate, defendants have already paid the full amount of the judgment together with costs and interest from date of judgment, then all obligations owing from defendants to plaintiff have been met and the trial court shall order the matter closed."

We likewise remand case number 11223 to the trial court for the allowance of interest only from the date of the jury verdict to the date upon which the judgment was or is satisfied.

8. *Was the jury verdict of no cause of action in favor of defendant-employee, Karl Nykamp, contrary to the great weight of the evidence?*

This issue was properly raised by plaintiff in her motion for new trial, which was denied by the court.

We are not persuaded that the verdict of no cause of action in favor of defendant Karl Nykamp was against the great weight of the evidence. In *McConnell v Elliott,* 242 Mich 145, 147 (1928), the Court stated:

"We should set aside a verdict, and only set one aside, when it is against the overwhelming weight of the evidence. We are not persuaded that this record justifies us in setting aside the verdict."

In the instant case, the jury was faced with the alternative of returning verdicts against both defendants or only against one or the other of the defendants individually. The jury may well have found no negligence on the part of defendant Nykamp, while also finding premises liability on the part of defendant Grand Rapids Gravel Company.

Case number 11223 remanded; case number 11224 affirmed. Costs to appellant in 11223; to appellees in 11224.

All concurred.